UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CLAYTON TRAMMEL                                                                    PETITIONER

v.                                                      CIVIL ACTION NO. 3:13cv868-DPJ-FKB

JACQUELINE BANKS                                                                 RESPONDENT

ORDER

This matter was brought under 28 U.S.C. § 2254 and is before the Court on United States Magistrate Judge F. Keith Ball's June 24, 2015 Report and Recommendation [11].  Judge Ball recommends that the Court dismiss Clayton Trammel's Petition for Writ of Habeas Corpus [1] with prejudice.  Trammel filed an Objection [12] to the Report and Recommendation on July 9, 2015.  The Court, having fully considered the premises, finds that the Report and Recommendation should be adopted as this Court's opinion.

I.      Facts and Procedural Background

Plaintiff Clayton Trammel is currently incarcerated for an armed-robbery conviction.  He unsuccessfully appealed this conviction to the Mississippi Court of Appeals, *Trammell v. State*, 62 So. 3d 424 (Miss. 2011), but did not seek a writ of certiorari to the Mississippi Supreme Court.  Instead, Trammel sought post-conviction relief, which the Mississippi Supreme Court ultimately denied on February 9, 2012, for Trammel's failure to "overcome the burden established in *Strickland v. Washington*, 466 U.S. 668 (1984) . . . ."  Order [7-2] at 1.

Trammel, now proceeding *pro se*, seeks habeas corpus relief in this Court based on lack of due process, ineffective assistance of counsel, and an unconstitutional sentence.  Pl.'s Pet. [1].

After reviewing the Petition [1] and Response [7], Judge Ball recommended that the Court deny habeas relief and dismiss Trammel's petition with prejudice. Report and Recommendation [11].

II. Analysis

    A. Procedurally-Barred Claims

In the Report and Recommendation, Judge Ball concluded that claims 1, 2, 3, 4, 6, 7, 8A, 8B, 8D, and 9 are all procedurally barred because they were never presented to the state's highest court. *Id.* at 3. Trammel admits as much in his Objections. Obj. [12] at 1. These grounds are therefore beyond the Court's review. *See Sones v. Hargett*, 61 F.3d 410, 416 (1995).

    B. Ineffective-Assistance-of-Counsel Claims

The remainder of Trammel's claims deal specifically with alleged ineffective assistance of counsel. Those claims face a stiff burden. By statute, the Court may not grant habeas relief unless the claims involve "an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States" or "an unreasonable determination of the facts in light of the evidence presented to the State court proceeding." 28 U.S.C. § 2254(d).

This "highly deferential" standard becomes "doubly so" when combined with the already deferential standards applied to ineffective-assistance-of-counsel claims. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citations omitted). Analysis of such claims fall under a two-prong test: (1) the attorney's performance must fall "outside the wide range of professionally competent experience"; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 690. Additionally, a court considering such a claim has "a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance." *Id.* at 689.

When the *Strickland* analysis is combined with a petition for habeas relief under § 2254(d), the standard rests on whether there is "*any* reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. 86, 105 (emphasis added). The balance of this Order applies these standards to Trammel's more particular arguments.

1.  Admission of Evidence

Trammel argues that his attorney should have objected to the admission of a gun found in his residence. The gun was not listed on a search warrant authorities obtained before the search, but it was found in the area where items listed on the warrant were hidden. When the gun was admitted at trial, Trammel's attorney did not object. Tr. [8-4] at 75. But Trammel's attorney did seek to suppress the gun in an unsuccessful pretrial motion. Rec. [8-2] at 42.

The Court agrees with Judge Ball that Trammel has failed to demonstrate either prong of the *Strickland* test. The trial judge had already denied the motion, and there exists a reasonable argument that the ruling was correct. While seized items must generally be listed, an exception exists "where a police officer has a warrant to search a given area for specified objects and in the course of the search comes across some other article of incriminatory character." *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983). Indeed, the trial court's holding was affirmed on appeal. *See Trammell*, 62 So. 3d at 427. It is not, therefore, apparent that another objection would have been any more successful than the failed motion to suppress. Trammel has not met his burden as to this claim.

Trammel also maintains that his attorney should have objected to the admission of the gun because it had no nexus to the crime. But Trammel was charged with armed robbery and had told one of the victims that he was carrying a gun during the robbery. Tr. [8-4] at 29.

3

Trammel's objection as to the ineffective assistance of his attorney and the admission of the gun does not merit relief.

        2.      Defective Indictment

Trammel's second objection relates to counsel's failure to seek dismissal based on an allegedly defective indictment. Trammel was charged under Mississippi Code Section 97-3-79, which states:

> Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery.

As Trammel argues, his indictment did not include the phrase "exhibition of a deadly weapon." Miss. Code Ann. § 97-3-79. But as Judge Ball correctly found, under § 97-3-79, "when a defendant makes an overt act and a reasonable person would believe that a deadly weapon is present, there is no requirement that a victim must actually see the deadly weapon." *Dambrell v. State*, 903 So. 2d 681, 683 (Miss. 2005).

The Court acknowledges, but must distinguish, Trammel's reliance on *Garner v. State*, a case from the Mississippi Court of Appeals holding that an armed-robbery indictment was not sufficient. 944 So. 2d 934, 937 (Miss. Ct. App. 2006). In *Garner*, the defendant sought post-conviction relief based in part on an allegedly defective indictment. The indictment stated that Garner "did then and there feloniously put [the victim] in fear of immediate injury to her person, by representing that he has a pistol when in fact he was pointing a finger concealed by a coat at the cashier and demanded the cash from the store cash register . . . ." *Id*. At his plea hearing, the trial court interpreted the indictment as charging armed robbery and convicted Garner of that

4

offense. *Id*. But the Mississippi Court of Appeals concluded that the indictment failed to properly charge Garner with armed robbery. *Id*. at 940. And in doing so, the court distinguished *Dambrell*, noting that "[t]here is a fundamental difference between being properly charged with armed robbery through exhibition of a deadly weapon and the question of what proof suffices to establish that charge, which was the issue in Dambrell." *Id.*

But *Garner* is different in one key respect. The indictment in that case "did not specify the statutory section under which Garner was charged or state that the crime charged was armed robbery . . . ." *Id*. Trammel's indictment covered those bases. Count One is titled: "Armed Robbery," and it expressly cites Mississippi Code section 97-3-79. Rec. [8-5] at 67. Thus, unlike the defendant in *Garner*, Trammel was expressly placed on notice of the charges he faced. Trammel's indictment was not defective, and Trammel has failed to show that a failure to challenge it constitutes ineffective assistance of counsel.

       3.      Testimony of Angela Hamilton

Trammel contends that witness Angela Hamilton's testimony was inconsistent and inflammatory. He therefore faults his attorney for failing to: (1) request a jury instruction regarding inconsistent statements; and (2) object to testimony at trial.

Starting with the instruction argument, a defendant is entitled to a jury instruction as to the credibility of a witness when that person's prior statement "directly contradicted his [or her] trial testimony against the defendant." *Ellis v. State,* 790 So. 2d 813, 816 (Miss. 2001). But Judge Ball found that it is not clear whether the trial court would have allowed such an instruction because the testimony was not truly inconsistent. Report and Recommendation [11] at 10.

And in any event, it is extremely difficult to show prejudice in the habeas context based on an omitted jury instruction.  As the United States Supreme Court stated in *Henderson v. Kibbe*:

> The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal.  The question in such a collateral proceeding is whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process . . . .  In this case, the respondent's burden is especially heavy because no erroneous instruction was given; his claim of prejudice is based on the failure to give any explanation beyond the reading of the statutory language itself of the causation element.  An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.

431 U.S. 145, 154 55 (1977) (citations and internal quotation marks omitted); *see also Simmons v. Warden La. State Penitentiary*, 18 F.3d 936 (5th Cir. 1994) (affirming denial of habeas relief and rejecting claim that incomplete instruction violated due process).  Trammel has not met his burden on this claim.

As to the "inflammatory" testimony, Trammel believes his attorney should have objected when the witness stated that the robbery caused her to quit her job.  But § 97-3-79 requires proof that the victim was "put[] . . . in fear of immediate injury . . . ."  Thus, the testimony was directly relevant to an essential element of the offense.  Moreover, an objection would have simply highlighted the testimony for the jury; remaining silent was a justifiable litigation strategy.  *See Johnson v. Dretke*, 394 F.3d 332, 337 (5th Cir. 2004) ("A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." (citations omitted)).  Trammel has not met his burden.

    4.  Evidence of Prior Bad Acts

Trammel takes issue with testimony suggesting that he had prior contact with the police. In general, the disputed testimony related to Trammel's alleged alias "Clay Banks." On cross-examination by Trammel's attorney, Lt. Billy Brown testified that they had been given the name "Clay Banks" as a suspect and the authorities linked it to Trammel based on past experiences with him. Tr. [8-4] at 76. Trammel maintains that his attorney should have objected.

Judge Ball found that the evidence of prior bad acts could not have been kept out in this instance. The Court agrees with Judge Ball's analysis and adds one additional reason. Even assuming the testimony actually revealed a prior bad act, it was not offered "to prove the character of a person in order to show that he acted in conformity therewith." Miss. R. Evid. 404(b). Indeed, Rule 404(b) allows evidence of other bad acts to show "identity." *Id.* Trammel has not met his burden.

Trammel also claims in his objection that his attorney should have requested a jury instruction based on the credibility of Lt. Billy Brown's testimony. Obj. [12] at 5. It does not appear that this issue was ever presented to the State's highest court. *See* Rec. [8-5] at 12  13, 17, 32, 33. It is therefore barred. *See Sones*, 61 F.3d at 416. Regardless, it is not apparent that Lt. Brown was impeached, and again, the omitted instruction fails to show prejudice. *See Kibbe*, 431 U.S. at 154.

    5.  Testimony of Arthur Andrews

Trammel's final arguments relate to the trial testimony of his co-conspirator Arthur Andrews. According to Trammel, he received ineffective assistance of counsel because his

attorney failed to challenge Andrews' capacity to testify and further failed to seek an instruction regarding inconsistent testimony.  Obj. [12] at 5  7.

Starting with the competency issue, Judge Ball concluded in his recommendation that there was no basis to find that the objection should have been made or that the failure to do so amounted to prejudice.  Trammel has not shown otherwise.  As Judge Ball states, counsel offered a vigorous and effective cross-examination that had the prosecution backpedaling during closing argument.  Report and Recommendation [11] at 14 (citing Tr. [8-4] at 122).  In addition, this Court notes that under Mississippi Rule of Evidence 601, "[e]very person is competent to be a witness" except in limited circumstances that do not apply in this case.  And Rule 602 merely requires "personal knowledge of the matter," which Andrews clearly possessed.  Thus, the failure to object on competency grounds was neither deficient nor prejudicial.

Regarding the alleged inconsistencies in Andrews' testimony, Trammel offers two primary examples in his Objections: (1) testimony identifying the accused; and (2) testimony regarding any deals Andrews reached with the prosecution.  Judge Ball rejected both arguments.

Starting with the identification issue, Andrews apparently gave a written statement identifying the perpetrator as "Clay Banks."  *See* Obj. [12] at 5.  But at trial, Andrews denied saying that he previously identified "Clay Banks."  *Id.*  As Judge Ball notes, Andrews' testimony was not a model of clarity, and the Court agrees with Judge Ball's conclusion that the trial court may not have given the instruction anyway because it is not clear the testimony was "directly contradicted."  *Ellis*, 790 So. 2d at 816.  It is also worth reiterating that finding prejudice based on an omitted instruction is a tall task.  *Kibbe*, 431 U.S. at 154.

Trammel's argument on this point also fails for other reasons. The jury heard evidence that Trammel goes by the alias "Clay Banks," so even assuming Andrews initially identified Trammel as "Banks," it would still implicate Trammel. Sound trial strategy would counsel against highlighting this fact for the jury. Moreover, while Andrews was apparently confused on cross-examination, he clearly identified Trammel as the "Clay" who committed the offense. Tr. [8-4] at 93 ("Q. And when you say Clay, you're talking about Clayton Trammel sitting down here   A. Yes, Sir."). Finally, defense counsel soundly cross-examined Andrews and mentioned his confusion in closing. *See* Tr. [8-4] at 120. The trial court then instructed the jury to consider and weigh the testimony of each witness. Rec. [8-2] at 48. Under these circumstances, the failure to seek an impeachment instruction fails to show prejudice.

The other alleged inconsistency in Andrews' testimony relates to any deals he may have reached with the prosecution. In his Objections, Trammel points to the following exchange.

> [Prosecutor]: What happened to your case?
> [Andrews]: It got threw out.
> [Prosecutor]: It got sent back to youth court?
> [Andrews]: Yes, sir.
> . . .
> [Prosecutor]: Did you and I have any type of agreement about you testifying prior to your case being sent back to youth court?
> [Andrews]: Yes, sir.

Tr. [8-4] at 82.

According to Trammel, this testimony contradicts Andrews' assertion that no deal was offered. Obj. [12] at 6. But Trammel failed to include the rest of the questioning:

> [Prosecutor]: Before it got sent to youth court?
> [Andrews]: No. No, sir.
> [Prosecutor]: In fact, you never talked to me until after your youth court matter was over with?
> [Andrews]: Yes, sir.

9

Tr. [8-4] at 82.  Again, the Court agrees with Judge Ball's analysis and finds that this ground for habeas relief fails on both prongs of the *Strickland* standard.

III.     Conclusion

The Court overrules Trammel's Objections [12] and finds that the Report and Recommendation [11] of United States Magistrate Judge F. Keith Ball should be adopted as the opinion of this Court, and the entire action is dismissed with prejudice.  A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 25th day of September, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE